UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KELVIN RAYSHAWN-LAMOUNT BROWN,

        Plaintiff,

v.

MIDLAND COUNTY, NICHOLAS SWANSON,
CRISTEN MARTIN, and MIDLAND COUNTY
MUNICIPAL CORPORATION,

        Defendants.
_____/

Case No. 1:21-cv-11701

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS, VACATING DEFICIENCY ORDER, DIRECTING PLAINTIFF'S CUSTODIAN TO REMIT FUNDS FROM PLAINTIFF'S INMATE ACCOUNT TO CLERK OF COURT, DISMISSING DEFENDANT MARTIN, AND DIRECTING SERVICE ON REMAINING DEFENDANTS**

On July 7, 2021, Plaintiff Kelvin Rayshawn-Lamount Brown, imprisoned in the Midland County Jail, filed a complaint pro se naming Midland County, Midland County Municipal Corporation, and two correctional officers as Defendants. ECF No. 1. Plaintiff alleges that Defendants violated his constitutional rights by using excessive force, slandering him, and failing to protect him from other inmates. *Id.* at PageID.5. Plaintiff also filed an application to proceed without prepaying the fees and costs of this action—that is, to proceed in forma pauperis. ECF No. 2. For the reasons stated hereafter, Plaintiff's application for leave to proceed in forma pauperis will be granted; Plaintiff's custodian will be ordered to calculate and withdraw an initial partial filing fee from Plaintiff's inmate account and forward that fee to the Clerk of this Court; Defendant Christen Martin will be dismissed; and service will be directed on the remaining Defendants.

**I.**

In his compliant, Plaintiff alleges that Defendant Nicholas Swanson used excessive force by tasering Plaintiff and thereby causing him to injure his head and heart. *Id*. at PageID.5. Defendant Christen Martin then allegedly slandered Plaintiff by falsely claiming that he "wanted to press charges"—presumably against Defendant Swanson. *Id*. Plaintiff further alleges that Defendant Midland County did not keep him safe or provide him with emergency care after being tased. *Id*. As for Defendant Midland County Municipal Corporation, Plaintiff alleges that it: (1) placed him in a hostile environment and failed to protect him from other inmates, even though he warned correctional officers of threats; and (2) failed to provide him with emergency medical services after he was tased. *Id.*

Plaintiff seeks money damages for his pain he endured, the injury to his head, and his PTSD. *Id*. at PageID.6. He also seeks the following injunctive relief: removal from Midland County; termination of Defendant Midland County Municipal Corporation's contract with "ACH, Inc."; and "lifetime mental health treatment to help [him] cope with [his] pain." *Id*.

**II.**

The first issue is whether Plaintiff should be allowed to proceed in forma pauperis.[1] A district court may authorize a plaintiff to proceed without prepaying the fees of a civil action if she submits an affidavit showing her inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). According to his application, Plaintiff not only has no dependents, debts, or regularly monthly expenses, but also earns no wages or any other income. Further, Plaintiff has no cash in

---

[1] Although Plaintiff's application was filed on July 12, 2021, it was not docketed until August 6, 2021. *See* ECF No. 2. Consequently, this Court was unaware of the application when, on August 3, 2021, it ordered Plaintiff to prepay the filing and administrate fees or apply for leave to proceed without prepaying the fees and costs for this action (the "Deficiency Order"). *See* ECF No. 3. Because of this oversight, the Deficiency Order will be vacated.

a checking or savings account and owns no valuable property. ECF No. 4 at PageID.14–15. Accordingly, Plaintiff has demonstrated his inability to pay prepay the fees for this action.

Nevertheless, because Plaintiff is incarcerated, he must pay the filing fee for this action over time. 28 U.S.C. § 1915(b)(1). So, this Court must assess and, if funds exist, collect an initial partial filing fee consisting of twenty percent (20%) of the greater of either (1) the average monthly deposits to Plaintiff's inmate account or (2) the average monthly balance in Plaintiff's account for the six months immediately preceding the filing of his complaint. *Id*. After paying the initial partial filing fee, Plaintiff must make monthly payments consisting of twenty percent (20%) of the preceding month's income credited to his account, each time the amount in the account exceeds $10.00, until the filing fee is paid. *Id.* § 1915(b)(2).

Therefore, Plaintiff's custodian will be directed to calculate and withdraw an initial partial filing fee from Plaintiff's inmate account and forward that fee to the Clerk of this Court within 30 days of this Order. In later months, or from time to time as funds become available, Plaintiff's custodian shall remit additional payments consisting of twenty percent (20%) of the preceding month's income credited to Plaintiff's account. This Court will notify Plaintiff's custodian when Plaintiff has paid the entire filing fee of $350.00.

**III.**

The next issue is whether Plaintiff's Complaint is meritorious enough to survive initial screening. This Court must dismiss any in forma pauperis complaint if, among other things, the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(b)(1). Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Further, a complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also id.* (noting that the term "frivolous" "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation").

Plaintiff brings this action under 42 U.S.C. § 1983, which "makes 'liable' '[e]very person' who 'under color of' state law 'subjects, or causes to be subjected,' another person 'to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]'" *Pineda v. Hamilton Cnty.*, 977 F.3d 483, 489 (6th Cir. 2020) (quoting 42 U.S.C. § 1983) (brackets in original). To prevail, Plaintiff must prove: "(1) that he . . . was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

Plaintiff's allegations against Defendant Martin are deficient as a matter of law. First, Plaintiff claims that Defendant Martin violated his rights under § 1-207 and § 1-308 of the Uniform Commercial Code (UCC) by falsely stating that he wanted to press charges. ECF No. 1 at PageID.5–6. But the UCC "speaks only to commercial law and does not provide a proper basis for . . . bringing a civil rights action." *Brzezinski v. Smith*, No. 12-14573, 2013 WL 2397522, at *3 (E.D. Mich. May 31, 2013) (unpublished). Similarly, Plaintiff claims that Defendant Martin's slander violated his right to due process. But the Due Process Clause of the Fourteenth Amendment

does not protect Plaintiff's interest in being free from defamatory statements. *See Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993) ("Injury to reputation, standing alone, is not a liberty interest protected by the Fourteenth Amendment."); *Tipton v. Unicoi Cnty. Sheriff's Dep't*, No. 2:08-CV-16, 2008 WL 400449, at *2 (E.D. Tenn. Feb. 12, 2008) (dismissing prisoner's defamation claim against correctional officers). Accordingly, Defendant Martin will be dismissed.

Plaintiff's remaining allegations, if proven to be true, would likely entitle him to some form of relief under 42 U.S.C. § 1983. Therefore, those allegations are sufficient for purposes of the initial screening. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring court to sua sponte dismiss claims that are frivolous or fail to state a claim for relief); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (noting that complaint is only frivolous when it lacks "an *arguable basis* either in law or in fact" (emphasis added)). Accordingly, the United States Marshals Service will be directed to serve the remaining Defendants with copies of the relevant papers.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Application to Proceed Without Prepaying Costs and Fees, ECF No. 2, is **GRANTED**.

Further, it is **ORDERED** that the Deficiency Order, ECF No. 3, is **VACATED**.

Further, it is **ORDERED** that Plaintiff's custodian is **DIRECTED** to (i) calculate an initial partial filing fee and subsequent partial payments, (ii) withdraw the appropriate funds from Plaintiff's inmate account, and (iii) forward the payments to the Clerk of this Court.

Further, it is **ORDERED** that Defendant Cristen Martin is **DISMISSED**.

Further, it is **ORDERED** that the United States Marshals Service is **DIRECTED** to serve the appropriate papers on Defendants Midland County, Nicholas Swanson, and the Midland

County Municipal Corporation without prepayment of the costs for such service. The Marshals may collect the usual and customary costs from Plaintiff after effecting service.

Further, it is **ORDERED** that Plaintiff is **DIRECTED** to serve a copy of all future documents on Defendants Midland County, Nicholas Swanson, and the Midland County Municipal Corporation, or defense counsel if legal counsel represents Defendants. Plaintiff is further **DIRECTED** to attach to all original documents filed with the Clerk of the Court a certificate stating the date that Plaintiff mailed a copy of the original document to Defendants or to defense counsel. This Court will disregard any paper received by a District Judge or a Magistrate Judge if the paper has not been filed with the Clerk or it if fails to include a certificate of service.

Dated: December 21, 2021                              s/Thomas L. Ludington
                                                                                                             THOMAS L. LUDINGTON
                                                                                                             United States District Judge