UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KELVIN RAYSHAWN-LAMOUN BROWN,<br><br>                Plaintiff,<br>v.<br><br>MIDLAND COUNTY, *et al.*,<br>                Defendants.<br>_____/ | Case No.: 21-11701<br><br>Thomas L. Ludington<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### **ORDER GRANTING MOTION TO EXTEND (ECF No. 15)**

The defendants moved to compel Plaintiff to respond to discovery requests on July 20, 2022. (ECF No. 12). The Court ordered Plaintiff to respond to that motion on or before September 1, 2022. (ECF No. 13). As of October 12, 2022, Plaintiff had not responded, so the Court ordered him to show cause why the Court should not grant the motion to compel for failure to respond. (ECF No. 14). Plaintiff's response to the Order to Show Cause is due on or before November 4, 2022.

On October 17, 2022, the defendants moved to amend the scheduling order. (ECF No. 15). The discovery cut-off date is September 22, 2022, and the dispositive motion deadline is October 22, 2022. The defendants seek an extension of 60 days to allow time for Plaintiff's Order to Show Cause response and for his

responses to the discovery requests, along with allowing the parties sufficient time to file dispositive motions.

A case management order can be modified if there is "good cause and with the judge's consent." Fed. R. Civ. P. 16 (b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks and citation omitted). The Court should also consider possible prejudice to the party opposing the modification. *Id.* "Even if an amendment would not prejudice the nonmoving party, the moving party must nonetheless demonstrate good cause for 'why he failed to move for the amendment at a time that would not have required a modification of the scheduling order.'" *Barnes v. Malinak*, 2017 WL 3161686, at *2 (E.D. Tenn. July 25, 2017) (quoting *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010)). When determining good cause to modify a case management order, courts generally consider: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir.

2010).  The overarching inquiry in these factors is whether the movant was diligent in pursuing discovery.  *Id*.

The motion is **GRANTED**.  The defendants timely moved for the extension when it was no longer feasible to meet the current deadlines.  It is Plaintiff's refusal or delay in responding to discovery and the Court's Orders that precipitated this motion.  There will be no prejudice to Plaintiff in granting the motion and this extension will not greatly delay resolving this litigation.  The extension allows him time to comply with the Court's Order and for the parties to file dispositive motions supported by evidence obtained through discovery.[1]

Discovery must be completed on or before **December 19, 2022**, and dispositive motions are due on or before **January 20, 2023**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to

---

[1] Because there is no foreseeable prejudice to Plaintiff in granting this motion, and because the case management deadlines are soon to pass, the Court issues this Order now without waiting for a response from Plaintiff.

a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: October 18, 2022          s/Curtis Ivy, Jr.
                                                    Curtis Ivy, Jr.
                                                    United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on October 18, 2022.

                                                      s/Kristen MacKay
                                                      Case Manager
                                                      (810) 341-7850